IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 NOV -3 P 4: 04

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| ASHBY SHAWN BRYANT, | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | Case No. 2:06 CV 1002- MEF |
| | * | |
| **WAUSAU UNDERWRITERS** | * | |
| **INSURANCE COMPANY, et al,** | * | |
| | * | |
| **Defendants.** | * | |

## NOTICE OF REMOVAL

Come now Defendants Wausau Insurance Company and Madix, Inc. and hereby give notice of removal of the above-styled action from the Circuit Court of Coosa County, Alabama, to the United States District Court for the Middle District of Alabama. As grounds for removal, Defendants aver as follows:

(1)    The above entitled action was commenced in the Circuit Court of Coosa County, Alabama, on October 6, 2006 and is now pending therein.  Service of process was perfected on Liberty Mutual Insurance Company on October 13, 2006. Notice of the removal of this case to this Court is timely pursuant to 28 U.S.C. § 1446 (a).

(2)    The plaintiff is a resident citizen of the state of Alabama.  The Defendant Wausau Insurance Company is a corporation organized under the laws of

1

the state of Wisconsin with its principal place of business in the city of Wausau, Wisconsin. [1]

The Defendant Madix, Inc. is a corporation organized under the laws of the state of Texas with its principal place of business in Terrell, Texas. (See **Exhibit A**).

(3)    Plaintiff claims of Defendant Madix, Inc., workmen's compensation benefits due to an injury sustained while in their employment on March 14, 2006. (Defendants have moved to sever and remand the compensation claim to state court.)

(4)    Plaintiff alleges that he has suffered severe physical pain and severe emotional distress due to outrageous conduct by defendants' willful and reckless refusal to authorize recommended anterior cervical diskectomy and fusion on Plaintiff's neck.  Plaintiff also alleges that as a result of defendants' refusal to provide and pay for prescribed and necessary medical treatment he has been permanently injured.

(5)    For all of this, Plaintiff claims both compensatory and punitive damages clearly in excess of the jurisdictional limit of the Circuit Court of Coosa County, Alabama. For reasons set out in the succeeding paragraphs, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

(6)    Based on past experience in similar cases, it is believed that Plaintiff will make a demand in excess of $75,000 for compensatory damages alone. (See affidavit of Richard B. Garrett, attached as **Exhibit B**.)

(7)    In addition, Plaintiff will certainly make a demand for punitive damages in excess of $75,000 and Alabama courts routinely uphold awards far in

---

[1]    The Complaint also purports to state claims against unnamed, fictitious defendants identified as defendants A through O.  For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(a).

excess of $75,000 for punitive damages in wrongful death and personal injury actions. *See, e.g., General Motors Corp. v. Johnson*, 592 So. 2d 1054, 1064 (Ala. 1992) (upholding 7.5 million dollars punitive damages award in a wrongful death suit based on violations of the AEMLD): *Tillis Trucking Co. v. Moses*, 748 So. 2d 874, 891 (Ala. 1999) (upholding 1.5 million dollars in punitive damages for wrongful death claim); *Hill Mfg. Co. v. Webb*, 724 So. 2d 1137 (Ala. 1998) (affirming award of $600,000 in punitive damages on claim under Alabama Extended Manufacturers Liability Doctrine ("AEMLD")); *Wal-Mart Stores, Inc. v. Robbins,* 719 So. 2d 245 (Ala. Civ. App. 1998) (affirming award of $190,000 in punitive damages caused by ingestion of prescription drug).

(8)     This action is one of a civil nature over which the District Court of the United States has original jurisdiction because of diversity of citizenship and amount in controversy, pursuant to 28 U.S.C. § 1332.

(9)     A copy of the pleadings filed in the Circuit Court for Coosa County, Alabama, and served on Defendants are attached hereto and made a part of this petition as if set out in full herein. (See attached **Exhibit C.**)

(10)     Notice of Defendants' removal of the above-styled action has been given to the Clerk of the Circuit Court of Coosa County, Alabama, and to the Plaintiff as required by 28 U. S. C., Sec. 1446(d). (See **Exhibit D** attached hereto.)

WHEREFORE, Defendant prays that this Honorable Court will take jurisdiction of this cause and will issue all necessary orders and process in order to remove the action from the Circuit Court of Coosa County, Alabama to this court.

_Richard B. Garrett_

Richard B. Garrett
Bar Number: (ASB-0782-A29R)

RUSHTON, STAKELY, JOHNSTON
    & GARRETT, P.A.
Post Office box 270
Montgomery, Alabama 36101-0270
    Telephone: 334/206-3100
    Fax: 334/263-4157
    E-mail:     rbg@rsjg.com

**Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that that I have served a copy of the foregoing upon:

Lister H. Proctor, Esquire
Proctor and Vaughn, L.L.C.
P. O. Box 2129
Sylacauga, Alabama 35150

by placing same in the United States mail, postage prepaid, this the **3rd** day of

November, 2006.

_Richard B. Garrett_

Of Counsel

4



P.O. BOX 729 • TERRELL, TEXAS • 75160

October 30, 2006

Richard B. Garrett, Esq.
Rushton, Stakely, Johnston & Garrett
P.O. Box 270
Montgomery, AL 36101-0270

Dear Mr. Garrett,

This letter confirms that Madix, Inc is a Texas corporation and our primary headquarters
is in Terrell, TX.

Respectfully,

Justin L. Saunders
Finance & Risk Manager

*Ex "B*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| ASHBY SHAWN BRYANT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 2:06cv1002-MEF |
| | * | |
| WAUSAU UNDERWRITERS | * | |
| INSURANCE COMPANY, et al, | * | |
| | * | |
| Defendants. | * | |

## AFFIDAVIT

STATE OF ALABAMA          )

MONTGOMERY COUNTY  )

Before me, the undersigned authority, personally appeared Richard B. Garrett, who, being by me first duly sworn, doth depose and say on oath as follows:

My name is Richard B. Garrett and I am a practicing attorney in Montgomery, Alabama. I attended the University of Alabama School of Law and graduated with a J. D. Degree in 1972. I am licensed to practice law in the state of Alabama and am also admitted to practice before all of the U. S. District Courts in the state of Alabama, the Fifth and Eleventh Circuit Courts of Appeal, and the United States Supreme Court. After serving as a judge advocate in the United States Air Force for three and a half years, I have practiced with the law firm of Rushton, Stakely, Johnston & Garrett, in Montgomery, Alabama, for the past thirty years, since 1976.

The vast majority of my practice has involved the defense of civil cases. During my career, I have handled hundreds of cases involving allegations of outrage and similar torts such as bad faith and fraud. In my experience, plaintiffs attorneys

1

pursuing such cases have always sought in excess of the jurisdictional amount of the federal courts. In the vast majority of such cases, the amount sought has exceeded the jurisdictional amount for compensatory damages alone. (These claims are usually for mental anguish, emotional distress, and physical pain.) In addition, claims for punitive damages usually far exceed those for compensatory damages.

In every case that I can remember, except one, in which the case got to a point where a sum certain was demanded, whether at trial, in settlement negotiations or at mediation, the amount sought was far in excess of $75,000. In addition to my personal experience, I have found the same to be true in cases which my partners have handled and also based on my knowledge of litigation in Alabama in general.

Richard B. Garrett

SWORN to and subscribed before me this the ____ day of November, 2006.

Notary Public, State at Large

My commission expires: 3/24/07

*EX. C*

| State of Alabama<br>Unified Judicial System<br>Form C-34 | OCT 16 20__ | **SUMMONS**<br><br>**- CIVIL -** | Case Number<br><br>CU-2006-67 |
|---|---|---|---|

IN THE _____CIRCUIT_____ COURT OF ____COOSA____ COUNTY

Plaintiff  ASHBY SHAWN BRYANT                    v.   Defendant WAUSAU UNDERWRITERS INSURANCE COMPANY, et

**FILED**

NOTICE TO___Madix, Inc.___

OCT 06 2006

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE
IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE
THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN
THE COMPLAINT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR
HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY,
___Lister H. Proctor___, WHOSE ADDRESS IS <u>Post Office Box 2129, Sylacauga, Alabama, 35150.</u>

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED
AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

[ ] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the
defendant.

[X] Service by certified mail of this summons is initiated upon the written request of ___Plaintiff___
pursuant to the Alabama Rules of Civil Procedure.

Date ___10-12-2006___

[X] Certified Mail is hereby requested.

*Jeffrey A. Wood*

Circuit Clerk

Plaintiff's/Attorney's Signature

JEFFREY A. WOOD
**Clerk Circuit & District Court**
**Coosa County**
P.O. Box 98
Rockford, Alabama 35136

RETURN ON SERVICE:

[ ] Return receipt of certified mail received in this office on _____
                                                              (Date)

[ ] I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County,

Alabama, on _____
                        (Date)

Date _____

Address of Server _____

Server's Signature _____

Type of Process Server _____

IN THE CIRCUIT COURT OF COOSA COUNTY, ALABAMA

| | |
|---|---|
| ASHBY SHAWN BRYANT,<br>SSN: 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 | )<br>(<br>) |
| PLAINTIFF, | (<br>) |
| VS. | ( CIVIL ACTION NO. _CV-2006-67_<br>) |
| | (<br>) |
| WAUSAU UNDERWRITERS<br>INSURANCE COMPANY, and<br>MADIX, INC., and Fictitious<br>defendants 1, 2, 3, those persons,<br>corporations, or other legal entities<br>which were the plaintiff's employers at<br>the time of his accident which is the<br>basis of this action; Fictitious<br>defendants 4, 5, 6, those persons,<br>corporations, or other legal entities<br>identified in this complaint; Fictitious<br>defendants 7, 8, 9, those persons,<br>corporations or other legal entities<br>which are the successors in interest of<br>plaintiff's employer or other legal<br>entities identified in this complaint.<br>The names and identities of these<br>fictitious defendants are unknown<br>to plaintiff at this time or, if their<br>names and identities are known,<br>plaintiff is ignorant of facts indicating<br>their legal liability.  When discovered,<br>the true names of the fictitious<br>defendants will be substituted by<br>amendment, | )<br>(<br>)<br>(<br>)<br>(<br>)<br>(<br>)<br>(<br>)<br>(<br>)<br>(<br>)<br>(<br>)<br>(<br>)<br>(<br>)<br>(<br>)<br>(<br>)<br>(<br>) |
| DEFENDANTS. | (<br>) |

**FILED**

OCT 05 2006

J. A. WOOD
CLERK OF DIS. & CIR. COURTS

<u>COMPLAINT</u>

<u>COUNT ONE</u>

<u>WORKERS' COMPENSATION CLAIM</u>

Comes now the plaintiff in the above styled cause and makes the following complaint for workers' compensation benefits:

1. The plaintiff, Ashby Shawn Bryant, is of legal age and is a resident and citizen of Clay County, Alabama.

2. The defendant, Madix, Inc., and/or one or more of the fictitious parties listed above, is a domestic corporation organized under the laws of the State of Alabama and was doing business in Coosa County, Alabama, in the month of March, 2006.

3. In the month of March, 2006, the plaintiff was employed by the defendant, and/or one or more of the fictitious parties listed above, at Coosa County, Alabama.

4. On or about March 14, 2006, while working within the line and scope of his employment, the plaintiff suffered an injury while performing his job duties.

5. At the time of the accident the plaintiff had weekly earnings in excess of Four Hundred Fifty Dollars ($450.00) per week.

6. The defendant, Madix, Inc., and/or one or more of the fictitious parties listed above, had timely and actual notice of the injury within the time specified by the Workers' Compensation Act of 1992.

7. As a proximate result of his employment, the plaintiff is suffering with a permanent injury to his neck, shoulder and arm.

8.  Subsequent to the injury, plaintiff obtained medical treatment for the injury and now he suffers a permanent, total disability.

9.  The defendants, and/or one or more of the fictitious parties listed above, have paid medical expenses.

10.  The plaintiff and defendant are subject to the Workers' Compensation Act of 1992 of the State of Alabama.

WHEREFORE, the plaintiff demands judgment against the defendant for the compensation, medical expenses and other benefits to which the plaintiff is entitled under the Workers' Compensation Act of 1992 of the State of Alabama. The plaintiff also requests that all costs and expenses incurred by plaintiff be awarded to plaintiff in accordance with Section 25-5-59 and Section 12-21-144, Code of Alabama, 1975.

_Ashby Shawn Bryant_
Ashby Shawn Bryant, Plaintiff

_Lister H. Proctor_
Lister H. Proctor                    PRO001
PROCTOR AND VAUGHN, L.L.C.
Post Office Box 2129
Sylacauga, Alabama 35150
Telephone: (256) 249-8527

STATE OF ALABAMA     *
                     *
TALLADEGA COUNTY  *

I, the undersigned authority, a notary public in and for said State and County, hereby certify that Ashby Shawn Bryant, whose name is signed to the foregoing complaint and who is known to me, acknowledged before me on this day that, being duly informed of the contents of said instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and seal this the _3rd_ day of _October_, 2006.

_____
Notary Public

## COUNT II

## OUTRAGE

Comes now the Plaintiff in the above styled cause and shows unto the Court the following for all material times to the following claim that:

1. The Plaintiff, Ashby Shawn Bryant, hereinafter referred to as "Bryant", is a 40-year old man who worked for Madix, Inc., for twenty-one (21) years.

2. The Defendant, Madix, Inc., is a corporation whose office is located in Goodwater, Coosa County, Alabama. (Hereinafter referred to as "Madix".) It is the employer of the Plaintiff, Bryant.

3. The Defendant, Wausau Underwriters Insurance Company is a corporation whose offices are located in Atlanta, Georgia. It is hereinafter referred to as "Wausau". This defendant is hired by Madix to provide workers' compensation benefits for employees of Madix who are injured while performing their job duties which includes the Plaintiff, Bryant.

4. On or about March 14, 2006, Bryant injured his neck while performing his job duties for Madix. He received medical treatment on the same day for his neck injury and an MRI test showed that he had a ruptured disc in his neck that pressed on spinal nerve endings. The disc rupture continues to cause severe pain in Bryant's neck, shoulder and arm.

5. The Defendants authorized Bryant to see Dr. Steven R. Nichols, an orthopedic surgeon, for a medical evaluation and treatment. On May 9, 2006, Dr. Nichols recommended that an anterior cervical diskectomy and fusion be done on Bryant's neck to help provide relief for Bryant's severe pain,

6. Numerous requests were made to the Defendants requesting their authorization for Dr. Nichols to do the recommended surgery on Bryant. The most recent requests were made by Bryant's attorney in letters dated August 29, 2006, and September 5, 2006, and faxed to Wausau's insurance adjuster on the same dates. (Copies of which are attached as Exhibits One and Two and made a part hereof).

7. As of this filing date, October 4, 2006, almost five (5) months have elapsed since the authorized treating surgeon, Dr. Steven R. Nichols, gave his medical evaluation and recommendation for surgery and fusion on Bryant's neck. The Defendants have intentionally refused to authorize the appropriate medical treatment for Bryant's job injury.

8. The failure of the Defendants to authorize the surgery on Bryant has been intentional and/or reckless. The Defendants' actions have caused a potential permanent nerve damage in his neck. Bryant's chronic pain and potential permanent nerve damage have caused him to suffer severe emotional distress. The actions of the Defendants have also violated the basic principles of the Workers' Compensation Law of Alabama. The

Defendants' actions are so severe and outrageous that they exceed the bounds of decency.

WHEREFORE, Bryant requests that after a hearing hereon that all damages be awarded to him that are reasonable and lawful. Bryant also claims both compensatory and punitive damages as well as all costs and interest.

_____
Ashby Shawn Bryant, Plaintiff

_____                    PRO001
Lister H. Proctor
Attorney for the Plaintiff
PROCTOR AND VAUGHN, L.L.C.
Post Office Box 2129
Sylacauga, Alabama 35150
Telephone:  (256) 249-8527

### JURY DEMAND
### AS TO COUNT II

Plaintiff requests a trial by jury as to the allegations in Count II of the Complaint.

_____
Of Counsel

STATE OF ALABAMA      *

                                    *

TALLADEGA COUNTY   *

I, the undersigned authority, a notary public in and for said State and County, hereby certify that Ashby Shawn Bryant, whose name is signed to the foregoing complaint and who is known to me, acknowledged before me on this day that, being duly informed of the contents of said instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and seal this the 3 rd day of _____ 2006.

_____
Notary Public

SERVE DEFENDANTS AT:

MADIX, INC.
Post Office Box 177
Highway 9
Goodwater, Alabama  35072

AND

WAUSAU UNDERWRITERS INSURANCE COMPANY
The Corporation Company
2000 Interstate Park Drive – Suite 204
Montgomery, Alabama  36109

PLAINTIFF'S ADDRESS:  Ashby Shawn Bryant
                                          851 Slaughter Mill Road
                                          Ashland, Alabama 36251

8818

EXHIBIT ONE
LAW OFFICES OF

## PROCTOR AND VAUGHN, L.L.C.
POST OFFICE BOX 2129
SYLACAUGA, ALABAMA 35150-2129

LISTER H. PROCTOR
BARRY D. VAUGHN*

BRAD PROCTOR
*ALSO ADMITTED IN COLORADO

TELEPHONE (256) 249-8527
FAX (256) 245-7129

E-MAIL ADDRESS:
PANDV@MINDSPRING.COM
WEBB ADDRESS:
WWW.LAWYERS.COM/
PROCTORANDVAUGHN

STREET ADDRESS:
201 NORTH NORTON AVENUE
SYLACAUGA, ALABAMA 35150

Writer's E-mail Address: lhp@pandv.net

August 29, 2006

<u>VIA FAX:</u> (603) 334-0299
Ms. NNeka Oliphant
Wausau Underwriters Insurance Company
Post Office Box 105067
Atlanta, Georgia 30348-5067

RE:    Ashby S. Bryant vs. Madix, Inc.
Claim #: WC 125-720550
DOI: 03-14-2006

Dear Ms. Oliphant:

Our firm has been retained by Ashby S. Bryant to represent him in a claim for workers' compensation benefits growing out of a work injury that occurred on March 14, 2006, while employed with Madix, Inc.

Mr. Bryant is suffering from severe pain from the cervical disc herniations. According to Dr. Steven R. Nichols, an authorized orthopedic surgeon, he diagnosed the disc herniation on May 9, 2006, and recommended a microscopic anterior cervical diskectomy and fusion at the same time. (See attached records)

Mr. Bryant feels that he is at risk for permanent nerve damage if the recommended surgery is not done immediately. Please review this file and authorize the recommended surgery. Also, please immediately advise me of your decisions and the date and time for the surgery.

Sincerely,

Lister H. Proctor

LHP/jac

enclosure
8818

## CERTIFICATE

I hereby certify that the attached is a true and complete copy of the records

pertaining to _____ Ashby  Shawn Bryant _____ kept in the

office of _____ Steven R. Nichols, M.D. _____, in my custody,

and that I am the custodian and keeper of said records.

I further certify that the said records were made in the regular course of

business in this office and that it was in the regular course of business for such

records to be made at the time of the events, transactions or occurrence to which they

refer, or within a reasonable time thereafter.

Signed this the *23rd* day of *August* , 200 *6* .


_____
Custodian of Records


Sworn to and subscribed before me this the *23rd* day of *August*

20 *06* .


_____
Notary Public
My Commission Expires: MY COMMISSION EXPIRES
                        OCTOBER 1, 2008

ALABAMA SPORTS MEDICINE
&
Orthopaedic Center

**ASHBY BRYANT**
**CHART #: W210737**
**DATE OF BIRTH: 01/04/1966**
**DATE OF SERVICE: 05/09/2006**
**CLINIC NOTE**

This patient had a cervical myelogram CT scan today, which reveals a disk herniation on the left side at C5-C6 and on the right side at C6-C7. She remains symptomatic with bilateral arm involvement.

We discussed the situation in detail. I would like to proceed with a microscopic anterior cervical diskectomy and fusion C5-C6 and C7 with allograft and anterior plate. Risk, benefits discussed in detail. Questions answered to his satisfaction.

SIGNED:

Steven K. Nichols MD

SRN/eScription/ke

D:     05/16/2006        T:05/17/2006        Job# 154667

ALABAMA SPORTS MEDICINE
&
Orthopaedic Center

**ASHBY BRYANT**
CHART #: W210737
DATE OF BIRTH: 01/04/1966
DATE OF SERVICE: 04/18/2006
CLINIC NOTE

HISTORY OF PRESENT ILLNESS: This 40-year-old employee of Mavix, Inc. comes in with a complaint of neck pain radiating into her right arm following a heavy lifting injury at work on 3/14/06. Subsequently, he has had severe pain into the midscapular region, right scapula, shoulder, arm and forearm with numbness in his middle, ring and small finger on the right. He has had no left side involvement. He says it has a sensation of weakness. It hurts worse when he elevates his head and looks upward and feels better when he elevates the right shoulder.

He had a recent MRI that suggested HNP at C4-5 and C6 on the right.

ALLERGIES: No known drug allergies.

CURRENT MEDICATIONS: Bisoprolol and prednisone.

PAST SURGICAL HISTORY: Knee, kidney stone.

FAMILY HISTORY: Noncontributory.

SOCIAL HISTORY: He is divorced, occasional alcohol, smokes a pack of cigarettes a day and has for 13 years. No history of diabetes or clotting disorders.

PHYSICAL EXAMINATION: On exam, he has painful hyperextension compression as well as rotation with associated cervical spasm, mild impingement pain at extreme elevation and weakness of the triceps noted.

X-RAYS: We have reviewed his x-rays of the right shoulder. He does have a mild acromial hook. Glenohumeral joint looks good. Cervical films reveal loss of normal lordosis.

We reviewed the cervical MRI scan. He does have a soft disk herniation at C6-C7 on the right with forward compression. This is certainly the most obvious. There is also some involvement of C4-C5 on the right. He has some left sided involvement at C5-C6.

PLAN: For clarification, I would like to go ahead and obtain a cervical myelogram CT scan and we will plan to see him back later. For the time being, he is on light duty with no lifting over 15 pounds.

SIGNED: _____
Steven R Nichols MD

SRN/eScription/pc

--- ·incent's Hospital
--adiology/Medical Imaging
CONSULTATION REPORT

ACCOUNT NUMBER:  S0812800138
PT PHONE: (256)354-5126
NICHOLS,STEVEN R
805 ST.VINCENT'S DRIVE
BIRMINGHAM  AL          35205

NAME:   BRYANT,ASHBY S
MR #:  S0001013228
AGE:  40Y     SEX: F
LOC:  ORS
DOB:  01/04/66

Chk-in #          Exam
1157383   CT SP CERVICAL W/MYELO
Ord Diag: BILAT ARM/NO SURG/MYLO

EXAM ORDERED FOR : 05/09/06 0811

EXAM STOP TIME    : 5/9/06 0825

CT SCAN OF THE CERVICAL SPINE

CLINICAL HISTORY
Bilateral arm pain.

FINDINGS
These scans are obtained following the myelogram.  Sagittal reformatted
images are obtained in addition.

C2-3 disc space is normal.

C3-4 level shows a small bulging disc.  Neural foramina are normal.

C4-5 level shows a bulging disc towards the right side.

C5-6 level shows a disc herniation on the left side in the lateral
recess area.  This is compressing the dural sac.

At C6-7 level, there is a disc herniation on the right side of midline.
Calcification of annulus is seen.

C7-T1 levels shows no herniated disc.  However, ligamentous hypertrophy
is seen on the left side.  Neural foramina are normal.

    Transcriptionist- MALINDA BRYANT
    Reading Radiologist- B CHANDRA SEKAR
    Releasing Radiologist- B CHANDRA SEKAR
    Released Date Time- 05/09/06 0935
---------------------------------------------------------------------

*** FINAL ***

Radiology/Medical Imaging
CONSULTATION REPORT

```
ACCOUNT NUMBER: S0812900138            NAME:  BRYANT,ASHBY S
PT PHONE: (256)354-5128                MR #: S0001013228
NICHOLS,STEVEN R                       AGE:  40Y      SEX: F
808 ST.VINCENT'S DRIVE                 LOC:  ORS
BIRMINGHAM  AL          35205          DOB:  01/04/66
```

```
     Chk-in H           Exam
     1157353  HF*MYELO CERVICAL, .
  Ord Diag: CERVICAL DISC DISPLACEMENT
```

EXAM ORDERED FOR : 05/09/06 0721

EXAM STOP TIME   : 05/09/06 0800

MR CERVICAL SPINE

HISTORY - Bilateral arm pain.

I have explained the procedure and the benefit of cervical myelogram.

Under sterile conditions, utilizing x-ray fluoroscopy, cervical
myelography was performed.

I do not see root sleeve defect.

In the lateral projection, ventral defect is seen at C4-5 level.  I am
unable to evaluate in the lateral projection and the cervicothoracic
junction.

CT to follow.

Thank you for your referral.

     Transcriptionist- COLLEEN EPHRIAM
     Reading Radiologist- B CHANDRA SEKAR
     Releasing Radiologist- B CHANDRA SEKAR
     Released Date Time- 05/09/06 1038


                       *** FINAL ***

EXHIBIT TWO

LAW OFFICES OF

## PROCTOR AND VAUGHN, L.L.C.

POST OFFICE BOX 2129

SYLACAUGA, ALABAMA 35150-2129

LISTER H. PROCTOR
BARRY D. VAUGHN*

BRAD PROCTOR

*ALSO ADMITTED IN COLORADO

TELEPHONE (256) 249-8527
FAX (256) 245-7123

E-MAIL ADDRESS:
PANDV@MINDSPRING.COM
WEB& ADDRESS:
WWW.LAWYERS.COM/
PROCTORANDVAUGHN

STREET ADDRESS:
201 NORTH NORTON AVENUE
SYLACAUGA, ALABAMA 35150

Writer's E-mail Address: lhp@pandv.net

September 5, 2006

VIA FAX: (603) 334-0299
Ms. NNeka Oliphant
Wausau Underwriters Insurance Company
Post Office Box 105067
Atlanta, Georgia 30348-5067

RE:    Ashby S. Bryant vs. Madix, Inc.
Claim #: WC 125-720550
DOI: 03-14-2006

Dear Ms. Oliphant:

On August 29, 2006, I faxed a letter to you requesting a date and time for surgery by Dr. Steven R. Nichols, an orthopedic surgeon that Wausau approved for treatment for Mr. Bryant.

On Monday, September 5, 2006, I received a fax from bmegateway notifying me and Mr. Bryant that an appointment had been made for Mr. Bryant to see Dr. Thomas Powell on September 14, 2006, at 10:30 a.m. for an "orthopedic surgery medical evaluation". (A copy is attached hereto.)

I am not aware of any provision of the Alabama Workers' Compensation law that authorizes the employer to demand such an evaluation. Therefore, I am instructing Mr. Bryant not to appear. Please contact Dr. Powell's office and cancel the appointment.

If you can provide me with the law that you rely upon, I will be happy to reconsider my position.

Again, I respectfully request that you immediately contact Dr. Nichols' office and authorize the surgery that he recommended on May 9, 2006. Mr. Bryant has constant and severe pain from his job injury.

Ms. NNeka Oliphant                                        September 5, 2006
Wausau Underwriters Insurance Company
Post Office Box 105067
Atlanta, Georgia  30348-5067                              Page 2


Please let me know immediately if you have any questions.


                                        Sincerely,

                                        Lister H. Proctor

LHP/jac

enclosure
8818

IN THE CIRCUIT COURT OF COOSA COUNTY, ALABAMA

ASHBY SHAWN BRYANT,              (
                                 )
                PLAINTIFF,       (
                                 )
VS.                              (   CIVIL ACTION NO. _CU-2006-67_
                                 )
                                 (
WAUSAU UNDERWRITERS              )
INSURANCE COMPANY and            (
MADIX, INC.,                     )
                                 (
                DEFENDANTS.      )

FILED

OCT 06 2006

J. A. WOOD
CLERK OF DIS. & CIR. COURTS

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT

Comes now the plaintiff and propounds the following interrogatories to the

defendant:

1. Please state in detail the date and exactly how the plaintiff's alleged injury

occurred, according to the best of your information, knowledge and belief.

2. How long had plaintiff been employed by you prior to the plaintiff's injury?

3. What were the plaintiff's weekly earnings and fringe benefits paid by you for

each of the fifty-two (52) weeks immediately preceding the alleged injury?

4. List plaintiff's average weekly earnings as reflected on the plaintiff's

earnings subject to Federal Income Tax for the 52 weeks prior to the date of injury.

Also,

(a)  include in the plaintiff's earnings all contributions made by the plaintiff to a tax qualified requirement program; contributions to Section 125 cafeteria program;

(b)  state what the defendant paid toward the plaintiff's expenses for health, life, disability insurance premiums, and retirement program.

5.  When and how did you first receive notice of the plaintiff's alleged injury?

6.  Please state in full detail the contents of all written records, first reports of injury, documents, or other writings, which in any way contain information related to plaintiff's alleged injury and injuries made the basis of the claim, and attach copies of same to your answers to interrogatories.

7.  Please state and itemize each amount of medical expense paid by you, in any way related to plaintiff's alleged injuries, giving the name, address and amount of each such amount paid.

8.  Give the exact amount and date of each payment made by you to plaintiff for temporary total disability compensation and the period of time covered by each such payment.  Also, please state:

(a)  how you arrived at the amounts paid;

(b)  the amount of mileage expense you have paid the plaintiff for medical and related expenses.

9.  If you have ceased temporary total disability compensation benefits, explain why they were stopped as well as:

    (a)   if stopped, state if permanent partial benefits were paid and the amount of same.

10. Has the plaintiff's treating physician given a permanent, physical impairment rating as a result of plaintiff reaching maximum medical improvement from his injuries? If so, please provide the following information:

    (a)   if such rating or ratings have been given, then state fully each rating, give the name and address of each physician who has given any rating, and state date each rating was assigned, or, alternatively, attach to your answers to these interrogatories photocopies of all correspondence, reports or other writings which set out such ratings.

11. Give in complete detail the substance of any and all medical reports, hospital, medical and other records, and all other documents and writings of any kind in your possession which, in any way, relate to the injuries and physical condition of the plaintiff, or, alternatively, attach copies of same to your answers to interrogatories.

12. Describe in detail the exact duties and job description the plaintiff did on the date of injury, and state if his former job is available to him now.

13. Based upon the medical information and other facts in your possession, can the plaintiff perform the duties required of his job prior to the injury?

14. Do you have permanent light duty jobs available for the plaintiff to perform? If so,

    (a)   describe in detail those jobs and duties;

    (b)   what is the hourly rate of pay?

15.  State the name, address and telephone number of your vocational expert.

16.  Did you recommend or choose a doctor for the plaintiff to see for his injuries? If not, state who made the selection and state:

      (a)  the doctor's name, address and reasons for the recommendation;

      (b)  list at least four (4) other doctors that you recommend for the plaintiff to get a second opinion if the plaintiff desires one.

17.  Has the plaintiff been out of work for an injury during the past two (2) years. If so,

      (a)  list the dates out of work and nature of injury;

      (b)  provide the name and address of the treating physician.

18.  State the name, address and telephone number of all case managers, nurse managers, or any other person retained to assist plaintiff's recovery.

19.  Attach to your answers copies of the defendant's evaluations of the plaintiff's work.

20.  Have you, your insurance carrier, or any one else taken or had taken any photos, videos, or recorded statements of the plaintiff? If so,

      (a)  state the name, address and occupation of the person who made them;

      (b)  attach a copy to your answers.

21.  Do you believe that the plaintiff's injuries were caused by something other than the injury complained of? If so, state:

TOTAL P.29

(a)  the reason for your belief and the facts upon which you
base your belief.

22.  State the name and job description of the person answering these questions

and also:

(a)  does that person understand that the answers are given under
oath and that the person has a duty to supply further answers
if new or amended answers occur?

23.  Does your company have any jobs that plaintiff can perform that fall within

the restrictions placed upon the plaintiff by the doctors?  If so:

(a)  describe each job;

(b)  the current pay for each such job;

(c)  the number of vacant jobs;

(d)  are the positions permanent?

24.  Do you claim that you are entitled to any set-offs under the provisions of

25-5-57 code?  If so,

(a)  state the name and description of the plan and/or program;

(b)  state the amount you claim as a set-off;

(c)  are the set-offs permanent and guaranteed?

Lister H. Proctor                PRO001
PROCTOR AND VAUGHN, L.L.C.
Post Office Box 2129
Sylacauga, Alabama 35150
Telephone:  (256) 249-8527

8818

IN THE CIRCUIT COURT OF COOSA COUNTY, ALABAMA

ASHBY SHAWN BRYANT,    (
    )
    PLAINTIFF,    (
    )
VS.    (  CIVIL ACTION NO. _CU-2006-67_
    )
    (
WAUSAU UNDERWRITERS    )
INSURANCE COMPANY and    (
MADIX, INC.,    )
    (
    DEFENDANTS.    )

**FILED**

OCT 05 2006

J. A. WOOD
CLERK OF DIS. & CIR. COURTS

## REQUEST FOR PRODUCTION
## OF DOCUMENTS, ETC. UNDER RULE 34

Plaintiff requests Defendant to respond within 45 days to the following request:

1. That Defendant produce and permit Plaintiff to inspect and to copy each of the following documents:

    (a)   a copy of each document in the plaintiff's employment file;

    (b)   a copy of each document you have in your possession regarding the plaintiff's present worker's compensation injury, and all other prior worker's compensation injuries, if any;

    (c)   a copy of all documents you required the plaintiff to fill out prior to your hiring the plaintiff;

    (d)   a copy of all reports and/or correspondence by your case manager, medical coordinator or other person designated by you to work with the plaintiff;

    (e)   a copy of all vocational rehabilitation reports rendered by your vocational expert;

(f)   a copy of writings and/or documents in plaintiff's worker's compensation file;

(g)   a copy of medical, vocational and/or functional capacity evaluation of the plaintiff;

(h)   a copy of all reports and/or video film or tapes made of the plaintiff;

(i)   copies of any and all illness and injury logs you company kept for OSHA for the past five (5) years.

This request extends to the defendant's network computer and to the laptop computers belong to defendant's employees for copies of:

(a)   all computer records involving the plaintiff;

(b)   all e-mail records involving the plaintiff;

(c)   all medical and/or personal files.

The Defendant is requested to forward copies of the aforementioned documents to Proctor and Vaughn, L.L.C., Post Office Box 2129, Sylacauga, Alabama, 35150, and/or notify Plaintiff of a reasonable time and place for inspecting and/or copying of the documents.

DATED this the _____ day of October, 2006.


_____
Lister H. Proctor                    PRO001
PROCTOR AND VAUGHN, L.L.C.
Post Office Box 2129
Sylacauga, Alabama 35150
Telephone: (256) 249-8527

IN THE CIRCUIT COURT OF COOSA COUNTY, ALABAMA

| | |
|---|---|
| ASHBY SHAWN BRYANT,        ( | |
| ) | |
| PLAINTIFF,     ( | |
| ) | |
| VS.           ( | CIVIL ACTION NO. _CV - 2006-67_ |
| ) | |
| (      | |
| WAUSAU UNDERWRITERS  ) | **FILED** |
| INSURANCE COMPANY and  ( | |
| MADIX, INC.,     ) | DEC 15 2006 |
| (      | J. A. WOOD |
| DEFENDANTS.  ) | CLERK OF DIS. & CIR. COURTS |

**PLAINTIFF'S REQUEST OF DEFENDANT, MADIX, INC.,
FOR ADMISSIONS AS TO COUNT I**

Comes now the plaintiff and requests that the defendant admit the truth of the following:

1. It is a corporation organized in the State of Alabama. It was doing business in Coosa County, Alabama, and it was subject to the Workers' Compensation Act of 1992 on March 14, 2006.

2. On March 14, 2006, the plaintiff was employed by Madix, Inc., and on that date, while working within the line and scope of his employment with Madix, Inc., the plaintiff was injured as a result of work arising out of and in the course of his employment with Madix, Inc.

3. The plaintiff's average weekly wage at the time of the injury was in excess of Four Hundred Fifty Dollars ($450.00) per week.

4. Madix, Inc., had timely and actual notice of the plaintiff's injury within the time specified by the Workers' Compensation Act of 1992.

5. That it authorized the plaintiff to be evaluated and treated for his work injury by Dr. Dwain Rush and Dr. Steven R. Nichols.

Lister H. Proctor                    PRO001
PROCTOR AND VAUGHN, L.L.C.
Post Office Box 2129
Sylacauga, Alabama 35150
Telephone: (256) 249-8527

8818

IN THE CIRCUIT COURT OF COOSA COUNTY, ALABAMA

ASHBY SHAWN BRYANT,                    (
                                       )
                    PLAINTIFF,         (
                                       )
VS.                                    (  CIVIL ACTION NO. *CV-2006-67*
                                       )
                                       (
WAUSAU UNDERWRITERS                    )
INSURANCE COMPANY and                  (
MADIX, INC.,                           )
                                       (
                    DEFENDANTS.        )


## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:  Circuit Clerk of Coosa County

    Please take notice that on the _____ day of October, 2006,

_____ 1. A notice to take the deposition of _____

__X__ 2. Interrogatories

__X__ 3. Request for Admissions

__X__ 4. Request for Production

_____ 5. Answers to Interrogatories

_____ 6. Response to Request for Admissions

_____ 7. Response to Request for Production

_____ 8. Notice of Intent to Serve a Subpoena on a Non-Party as
        follows:

FILED

OCT 06 2006

J. A. WOOD
CLERK OF DIS. & CIR. COURTS

*EKD*

## IN THE CIRCUIT COURT OF COOSA COUNTY, ALABAMA

| | | |
|---|---|---|
| ASHBY SHAWN BRYANT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. CV 2006-67 |
| | * | |
| WAUSAU UNDERWRITERS | * | |
| INSURANCE COMPANY, et al, | | * |
| | * | |
| Defendants. | * | |

## NOTICE OF
## NOTICE OF REMOVAL

Come now Defendants Wausau Insurance Company and Madix, Inc., and hereby give notice to this Honorable Court that it has this date filed a Notice of Removal removing this case to the United States District Court for the Middle District of Alabama, Northern Division.  A copy of said Notice of Removal is attached hereto as Exhibit A.

Richard B. Garrett
Bar Number: (ASB-0782-A29R)

RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office box 270
Montgomery, Alabama 36101-0270
Telephone:  334/206-3100
Fax:  334/263-4157
E-mail:    rbg@rsjg.com

**Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that that I have served a copy of the foregoing upon:

Lister H. Proctor, Esquire
Proctor and Vaughn, L.L.C.
P. O. Box 2129
Sylacauga, Alabama 35150

by placing same in the United States mail, postage prepaid, this the __3rd__ day of

November, 2006.

Of Counsel