IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ASHBY SHAWN BRYANT,

      Plaintiff,

v.                            Case No. 2:06CV1002-MEF

WAUSAU UNDERWRITERS
INSURANCE COMPANY, et al,

      Defendants.

RECEIVED 2006 NOV -3 P 4 04
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

## ANSWER

Come now Defendants and for answer to the specific allegations of Plaintiff's Complaint say as follows:

## COUNT ONE
## WORKERS' COMPENSATION CLAIM

Defendants have filed a motion to sever and remand Plaintiff's workers' compensation claim.

## COUNT II

## OUTRAGE

(1)    Defendants admit the allegations contained in paragraph 1 of Count II of Plaintiff's Complaint.

(2) Defendants admit the allegations contained in paragraph 2 of Count II of Plaintiff's Complaint except state that Madix's principal place of business is in Terrell, Texas.

(3) Defendants admit that Wausau has an office in Atlanta, Georgia. Defendants also admit that Wausau insured Madix, Inc. for workers' compensation benefits.

(4) Defendants do not have sufficient knowledge or information to either admit or deny the allegations of paragraph 4 of Count II of Plaintiff's Complaint, therefore, they are denied.

(5) Defendants admit the allegations of paragraph 5 of Count II of Plaintiff's Complaint.

(6) Defendants admit that requests for the surgery have been made.

(7) Defendants admit that five months have elapsed since Plaintiff's medical evaluation but deny each and every other allegation of Paragraph 7 of Count II of Plaintiff's Complaint.

(8) Defendants deny each and every allegation of paragraph 8 of Count II of Plaintiff's Complaint.

## ADDITIONAL DEFENSES

(1) Defendants deny that they have wrongfully refused to provide the medical treatment of Plaintiff.

(2) Defendants deny that it was guilty of outrageous conduct in refusing to provide certain medical treatment for Plaintiff.

(3) Defendants deny each and every material allegation of Plaintiff's Complaint not specifically admitted herein and demands strict proof thereof.

(4) Defendants aver that they are entitled to the benefits of all provisions of its policy of insurance with Plaintiff's employer.

(5) Defendants aver that they are entitled to the benefits of all provisions of the Code of Alabama governing the issues raised in Plaintiff's Complaint.

(6) Defendants deny that Plaintiff is entitled to punitive damages for any alleged outrageous conduct or any other of the allegations of his Complaint.

(7) Plaintiff's claim for punitive damages is limited in amount by the application of Alabama Code Section 6-11-21..

(8) The Plaintiff's demand for punitive damages violates the due process clause of the Fourteenth Amendment of the United States Constitution in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

(9) The Plaintiff's demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal in nature while the Defendants are required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

(10) The Plaintiff's demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on the Plaintiff is less than the "beyond a reasonable doubt" standard required in criminal cases.

(11)  The Plaintiff's demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interests.

(12)  The Plaintiff's demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are penal in nature, requiring a burden of proof on the Plaintiff which is less than the 'beyond a reasonable doubt' burden of proof required in criminal cases.

(13)  The Plaintiff's demand for punitive damages is unconstitutional under the Constitution of the State of Alabama in that it violates Article I, Section 6, by claiming punitive damages which are penal in nature while the Defendant is compelled to disclose documents and/or other evidence without a constitutional safeguard against self-incrimination.

/s/ Richard B. Garrett
Richard B. Garrett
Bar Number: (ASB-0782-A29R)

RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office box 270
Montgomery, Alabama 36101-0270
Telephone:  334/206-3100
Fax:  334/263-4157
E-mail:     rbg@rsjg.com

**Attorney for Defendant**

**CERTIFICATE OF SERVICE**

I hereby certify that that I have served a copy of the foregoing upon:

Lister H. Proctor, Esquire
Proctor and Vaughn, L.L.C.
P. O. Box 2129
Sylacauga, Alabama 35150

by placing same in the United States mail, postage prepaid, this the 3rd day of November, 2006.

_____
Of Counsel