IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ASHBY SHAWN BRYANT, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Case No. 2:06-cv-01002-MEF-SRW |
| | * |
| WAUSAU UNDERWRITERS | * |
| INSURANCE COMPANY, et al, | * |
| | * |
| Defendants. | * |

**DEFENDANTS' RESPONSE TO ORDER OF NOVEMBER 13, 2006
AND TO PLAINTIFF'S MOTION TO REMAND**

Come now Defendants in response to the Court's Order of November 13, 2006, and also in response to Plaintiff's Motion to Remand and show unto the Court as follows:

**I.   PLAINTIFF'S CLAIMS ARE SEPARATE AND, THUS, THE COURT CAN GRANT THE DEFENDANTS' MOTION TO REMAND COUNT ONE (WORKERS' COMPENSATION) AND RETAIN JURISDICTION OVER COUNT TWO (OUTRAGE).**

Plaintiff has stated separate and independent claims against differing defendants in two separately signed and notarized counts. Count One states a non-jury claim for workers' compensation benefits against only Plaintiff's employer, Madix, Inc. This count specifically seeks benefits only under the Alabama Workers' Compensation Act and cites sections of the Act for its claims for compensation, medical expenses, costs, and other expenses. This count states in paragraph 8 that, subsequent to his injury, Plaintiff obtained medical treatment for the injury and makes no allegations about the denial of any medical treatment.

1

Count Two states a separate jury claim for outrage against Defendants Madix, Inc., and Wausau Insurance Company. This count alleges that the two defendants are guilty of outrage for a delay in approving surgery recommended by Plaintiff's authorized treating surgeon. This count further alleges that the acts of defendants were intentional and/or reckless and were so severe and outrageous that they exceed the bounds of decency.

It is clear from Plaintiff's Complaint (even the structure of it) that Plaintiff intended to and did state two separate and independent claims, one a non-jury claim to be decided by a trial judge under the Alabama Workers' Compensation Act and the other a jury claim for outrage.

**II.      28 U. S. C. § 1445(c) DOES NOT PRECLUDE RETENTION OF JURISDICTION OF PLAINTIFF'S OUTRAGE CLAIM.**

28 U. S. C. § 1445(c) provides:

> A civil action in any state court arising under the workmen's compensation laws of such state may not be removed to any district court of the United States.

This section does not apply to the outrage claim in the instant case, pursuant to the rationale of the Eleventh Circuit Court of Appeals, since that count does not "arise under" the Workmen's Compensation Law of the State of Alabama. The Eleventh Circuit in the case of *Reed v. The Heil Company,* 206 F.3d, 1055, (11th Cir. , 2000) addressed this issue in detail in a retaliatory discharge setting. The *Reed* case provides guidance for determining whether claims "arise under" the workmen's compensation laws of Alabama and, applying the cases and analysis of *Reed,* it is clear that the outrage claim in this case is not governed by §1445(c).

The *Reed* case involved Alabama's Retaliatory Discharge Statute, §25-5-11.1 of the Alabama Code, which is codified as part of Alabama's Workmen's Compensation Act (Title 25, Chapter 5 of the Code of Alabama). The *Reed* court held that a retaliatory discharge claim was covered by §1445(c). However, the holding and analysis of the *Reed* case do not apply to a common law cause of action such as outrage. The following are some of the distinctions pointed out by *Reed:*

(1) Quoting from *Jones v. Roadway Express, Inc.,* 931 F.2d, 1086, 1092, (5th Cir. 1991), the *Reed* court pointed out that Texas's Retaliatory Discharge Statute, which is similar to Alabama's, is part and parcel of the Workmen's Compensation Act since it "enables injured workers to exercise their rights under that scheme." The *Jones* court was also noted to have stated: "were it not for the worker's compensation laws, [the Retaliatory Discharge Statute] would not exist." Like the Texas statute addressed in *Jones,* Alabama's Retaliatory Discharge Statute is an integral part of the compensation laws, included for the purpose of protecting injured workers who exercise their rights under the Workmen's Compensation Act.

(2) The *Reed* case distinguished between <u>statutory</u> causes of action and <u>common law</u> causes of action in deciding whether a retaliatory discharge claim arises under a worker's compensation law. The *Reed* court pointed out that the Seventh Circuit Court of Appeals in *Spearman v. Exxon Coal, USA, Inc.,* 16 F.3rd, 722 (7th Cir. 1994), held that a court-created tort remedy for employees discharged in retaliation for filing worker's compensation claims in Illinois does not arise under the state's workers' compensation laws. Likewise, Alabama's cause of action for outrage was judicially created.

(3) The Fourth Circuit Court of Appeals has also held that an intentional tort action, brought when employers act with the deliberate intent to injure workers, does not arise under state workers' compensation laws for §1445(c) purposes. *Arthur v. E. I. DePont DeNemours & Company*, 58 F. 3d 121, 125 (4th Cir. 1995). The Fourth Circuit held in that case that although West Virginia had codified the deliberate intent cause of action, it "has always been considered a creature of the common law." *Id.* at 127.

(4) The Fourth Circuit in *Arthur* also pointed out that an intentional injury claim had little in common with workers' compensation claims as they were understood in 1958 when Congress passed §1445(c). The court noted that an intentional injury claim is not closely related to and does not further the overall purposes of the workers' compensation system, pointing out that the action for retaliatory discharge, by contrast, is integrally related to the just and smooth operation of the workers' compensation system.

(5) The cause of action for outrage has a broad field of operation outside of the workers' compensation laws. It certainly could not be said, as the *Jones* court said about the retaliatory discharge cause of action, that "were it not for the workers' compensation laws [these common law causes of action] would not exist."

(6) In contrast to a retaliatory discharge claim in Alabama, a simple release of all liability under the workers' compensation laws does not release a claim for outrage, etc. The *Reed* court pointed out, however, that a settlement discharging an employer from all liability under the workers' compensation laws does bar a retaliatory discharge suit.

## **CONCLUSION**

4

     Plaintiff has stated separate and independent claims against differing defendants.  This court should grant <u>defendants'</u> Motion to Remand Count One and retain jurisdiction of Plaintiff's outrage claim.  Given the analysis of the 11th Circuit in the *Reed* case, it is clear that common law causes of action such as outrage do not "arise under" the workers' compensation laws.  Thus, § 1445(c) is not applicable and does not bar removal of the outrage claim to federal court.

     Respectfully submitted,

          <u>s/Richard B. Garrett</u>
          Bar Number: (ASB-0782-A29R)

          RUSHTON, STAKELY, JOHNSTON
          & GARRETT, P.A.
          Post Office box 270
          Montgomery, Alabama 36101-0270
          Telephone:  334/206-3100
          Fax:  334/263-4157
          E-mail:  rbg@rsjg.com

          **Attorney for Defendant**

### <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that that on December 4, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to:

Lister H. Proctor, Esquire
Proctor and Vaughn, L.L.C.
P. O. Box 2129
Sylacauga, Alabama 35150

Ryan Wesley Shaw, Esquire
Beers, Anderson, Jackson,
  Patty, Van Heest & Fawal, P. C.
250 Commerce Street, Suite 100
Montgomery, Alabama 36104

5

Earl H. Lawson, Jr., Esquire
3000 Riverchase Galleria, Suite610
Birmingham, Alabama 35244

**s/ Richard B. Garrett**