IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ASHBY SHAWN BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:06-cv-1002-MEF |
| ) | (WO) |
| WAUSAU UNDERWRITERS ) | |
| INSURANCE COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On October 6, 2006, Plaintiff Ashby Shawn Bryant ("Plaintiff") filed suit against Wausau Underwriters Insurance Company ("Wausau") and Madix, Inc. ("Madix") in the Circuit Court of Coosa County.[1] On November 3, 2006, Wausau and Madix (collectively "Defendants") filed a Notice of Removal in this Court (Doc. # 1). On the same day, Defendants filed a Motion to Sever and Remand (Doc. # 5). On November 22, 2006, Plaintiff filed a Motion to Remand (Doc. # 8). Those motions are presently before the Court. For the reasons set forth below, Defendants' motion is due to be GRANTED and Plaintiff's motion is due to be GRANTED IN PART and DENIED IN PART.

---

[1] Plaintiff also named a number of fictitious defendants. Federal courts do not allow fictitious party practice. *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997) ("[F]ictitious party practice is not permitted in federal court."). Therefore, the fictional defendants are due to be dismissed. *See, e.g., Wiggins v. Risk Enterprise Mgmt. Ltd.*, 14 F. Supp. 2d 1279, 1279 n.1 (M.D. Ala. 1998) (DeMent, J.) (dismissing sua sponte fictional defendants).

## I. Standard of Review

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, they only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377. Federal courts have federal question jurisdiction over civil actions that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts have diversity jurisdiction over civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met. *See* 28 U.S.C. § 1332(a)(1).

The party seeking removal has the burden of establishing that subject matter jurisdiction exists and removal is appropriate. *See Burns*, 31 F.3d at 1095. Because federal court jurisdiction is limited and removal jurisdiction raises significant federalism concerns, the Eleventh Circuit Court of Appeals has held that it favors remand of removed cases when federal jurisdiction is not absolutely clear, explaining that "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.*

## II. Background

Plaintiff claims that on or about March 14, 2006 he suffered a ruptured disc in his neck while performing his job duties as an employee of Madix. He contends that his neck, shoulder, and arm are permanently disabled and that he now suffers permanent total disability.

Count I of the Complaint alleges that Plaintiff is owed workers' compensation benefits from Madix. Plaintiff seeks the "compensation, medical expenses and other benefits to which [he] is entitled under the Workers' Compensation Act of 1992 of the State of Alabama." (Doc. 1 Ex. C at 4.) He also seeks costs and expenses.

Count II alleges that Defendants are liable for the tort of outrage due to their failure to authorize a surgery that an orthopedic surgeon recommended Plaintiff undergo. Plaintiff claims that this failure was intentional or reckless. He alleges that "Defendants' actions are so severe and outrageous that they exceed the bounds of decency." (Doc. 1 Ex. C at 8.) He seeks compensatory and punitive damages, costs, and interest.

## III. Discussion

The parties agree that Count I should be remanded. "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). The parties' motions are due to be GRANTED to the extent that they seek to remand Count I of the Complaint.

The parties disagree as to whether Count II should be remanded. Plaintiff does not

dispute that Count II was properly removed based on diversity jurisdiction. However, he argues that his claims may not be severed, and therefore that both should be remanded. He contends that the claims may not be severed because they (1) are part of one action, (2) have not been severed in state court, and (3) are intertwined such that severing them would "compromise[] both justice and judicial economy." (Doc. 8 at 2.) He does not cite any support for these propositions. The Court is not convinced that it is precluded from severing Plaintiff's claims. It will grant the motion to sever should it determine that Count II is properly before the Court.

Plaintiff argues that 28 U.S.C. § 1445(c) prohibits remand of Count II because his outrage claim arises under Alabama's workers' compensation laws. The Court agrees that Plaintiff's outrage claim may not be removed to this Court if it "arises under" the Alabama Workers' Compensation Act. *See* 28 U.S.C. § 1445(c). In *Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir. 2000), the Eleventh Circuit held that a claim of retaliatory discharge for filing a workers' compensation claim, a statutory cause of action, arose under Alabama's workers' compensation laws. *Id.* at 1060. The Eleventh Circuit noted that the retaliatory discharge cause of action was "an integral part of Alabama's workers' compensation regime," having been "passed to enhance the efficacy of the overall workers' compensation system" and codified with the rest of the workers' compensation laws. *Id*. The court stated that cases focusing on whether common law causes of action arise under state workers' compensation laws were inapposite. *Id*. at 1059. It noted that the Seventh Circuit held that a court-created

retaliatory discharge claim for filing for workers' compensation did not arise under the workers' compensation laws. *See id.* (citing *Spearman v. Exxon Coal USA, Inc.,* 16 F.3d 722 (7th Cir. 1994)). The court also cited with approval Fourth Circuit precedent holding that an intentional tort action did not arise under state workers' compensation laws for purposes of § 1445(c). *See Reed*, 206 F.3d at 1060 (citing *Arthur v. E.I. DuPont de Nemours & Co.,* 58 F.3d 121, 125 (4th Cir. 1995)).

Outrage is a common law intentional tort. A cause of action for outrage, even if based on a denial of a workers' compensation claim, is not "an integral part of Alabama's workers' compensation regime." *See id.* The Court concludes that Plaintiff's outrage claim does not arise under the Alabama Workers' Compensation Act. Therefore, § 1445(c) does not require that Count II be remanded. The Court finds that Count II was properly removed based on diversity jurisdiction. Accordingly, Plaintiff's Motion to Remand is due to be DENIED with respect to Count II, and Defendants' Motion to Sever and Remand is due to be GRANTED with respect to severance of Plaintiff's claims.

## IV. Conclusion

For the reasons set forth above, it is hereby ORDERED that

1. Plaintiff's Motion to Remand (Doc. # 8) filed November 22, 2006, is GRANTED IN PART and DENIED IN PART. It is GRANTED as to Count I and DENIED as to Count II.

2. Defendants' Motion to Sever and Remand (Doc. # 5) filed November 3, 2006, is GRANTED.

3. Counts I and II are SEVERED.

4. Count I is REMANDED to the Circuit Court of Coosa County, Alabama.

5. The Clerk is DIRECTED to take appropriate steps to effect the remand.

6. Plaintiff's claims against the fictional defendants are DISMISSED.

DONE this the 18th day of April, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).