IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ASHBY SHAWN BRYANT, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:06-cv-1002-MEF |
| | ) |
| WAUSAU UNDERWRITERS, | ) |
| INSURANCE COMPANY, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## **ORDER**

Defendants removed this case to this Court from the Circuit Court of Coosa County, Alabama, on November 3, 2006. The same day, Defendants filed a Motion to Sever and Remand, through which Defendants asked this Court to sever and remand Plaintiff's worker's compensation claim against Defendant Madix, Inc., to state court, but retain Plaintiff's outrage claim against Defendants Madix, Inc. and Wausau Underwriters Insurance Company. Plaintiff filed a Motion to Remand on November 22, 2006, asking this Court to remand the entire case to state court pursuant to 28 U.S.C. § 1445(c), which prohibits removal of civil actions arising under state worker's compensation laws.

On April 18, 2007, this Court entered a Memorandum Opinion and Order granting Defendants' Motion to Sever and Remand. Pursuant to that Order, Plaintiff's worker's compensation claim was remanded to the Circuit Court of Coosa County, Alabama.

On July 16, 2007, the parties filed a Joint Motion to Stay Proceedings. In this motion, the parties requested a stay "pending resolution of a *similar action* filed in the Circuit Court

of Coosa County, Alabama." (emphasis added). This "similar action" was the very worker's compensation claim that this Court had remanded back to state court. As grounds for the stay, the parties stated that:

> *The worker's compensation claim and outrage claim stem from the same factual background and will be evaluated according to Alabama case law. The outrage claim will no doubt be dependent on discovery obtained during the litigation of the worker's compensation claim.* Rather than doubling discovery, and to avoid piecemeal litigation, by staying this proceeding, the state court case can move forward with discovery that will be integral to the federal outrage case. Staying the proceedings will protect the parties' rights and will not prevent the outrage claim from being heard in federal court. Staying the proceedings will also prevent the unnecessary expenditure of time and money for the parties and this Court.

(emphasis added).

For the foregoing reasons, and in light of then Chief Judge Albritton's opinion in *Brooks v. Paulk & Cope, Inc.*, 176 F. Supp. 2d 1270 (M.D. Ala. 2001), it is hereby ORDERED that:

(1) Defendants are directed to SHOW CAUSE on or before **March 31, 2008**, why this Court should not reconsider its April 18, 2007 Memorandum Opinion and Order and REMAND the remainder of this case to state court.

(2) Plaintiffs shall file a response on or before **April 7, 2008**.

DONE this 24th day of March, 2008.

                                                /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE