IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ASHBY SHAWN BRYANT, | ) |
| Plaintiff | ) |
| v. | ) Case No. 2:06-cv-01002-MEF-SRW |
| WAUSAU UNDERWRITERS INSURANCE COMPANY, et al. | ) |
| Defendants. | ) |

### PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO ORDER OF MARCH 24, 2008

Comes now the Plaintiff in reply to Defendants' response to the Court's Order of March 24, 2008, and shows unto the Court as follows:

On April 18, 2007, this Court remanded Plaintiff's worker's compensation claim to the Circuit Court of Coosa County, Alabama, pursuant to 28 U.S.C. § 1445(c), but retained jurisdiction over Plaintiff's claim of outrage. The Court's Order was based, in part, on its interpretation of *Reed v. Heil*, 206 F.3d 1055 (11th Cir. 2000) as applied to Plaintiff's argument that the claim of outrage "arises under" the worker's compensation claim. This Court's recent decision in *Artis Williams v. CNH America, LLC*, 2008 WL 820341 (M.D. Ala. March 28, 2008) brought to the Plaintiff's attention alternate grounds for arguing that the outrage claim should be remanded along with the worker's compensation claim - - both claims contain common questions of fact as set forth in *Brooks v. Paulk & Cope, Inc.*, 176 F.Supp.2d 1270 (M.D. Ala. 2001). Based on this Court's holding in *Williams*, and the facts of this case as applied under the analysis of *Brooks*, Plaintiff's claim of outrage is due to be remanded to the Circuit Court of Coosa County, Alabama.

## I. PLAINTIFF'S WORKER'S COMPENSATION CLAIM AND OUTRAGE CLAIM CONTAIN COMMON QUESTIONS OF FACT

As this Court observed in *Williams*, severance of a worker's compensation claim from a common law tort claim is not mandatory. 2008 WL 820341, *3. Rather, the question is whether the claims involve common questions of fact. *Brooks*, 176 F.Supp.2d 1270, 1276. Although the Defendants rely heavily on the Eleventh Circuit's decision in *Reed* that case is distinguishable from the present case - - most importantly because its removal was based on federal question jurisdiction involving claims arising under federal law. 206 F.3d 1055.

The defendants in *Reed* removed the plaintiff's state claim of retaliation for filing a worker's compensation claim and his federal claim that arose under the Americans with Disabilities Act ("ADA"). 206 F.3d 1055,1056-7. The case was removed from state court based on federal question jurisdiction as a result of the ADA claim. *Id.* at 1057. Reed attempted to remand, but the district court retained jurisdiction over the retaliation claim and the ADA claim. *Id.* at 1058. The district court later granted summary judgment to the defendants on all claims. *Id.* Reed appealed and the Eleventh Circuit ruled that the district court did not have jurisdiction over the retaliation claim, but affirmed the ruling on the ADA claim. *Reed*, 206 F.3d 1055,1063. Here, Defendants attempt to draw an analogy between the ruling in *Reed* and this case. However, as this Court noted in *Williams*, the Eleventh Circuit holding in *Reed* does not control where removal is based on diversity jurisdiction and claims not arising under federal law. *Williams*, 2008 WL 820341, *4. This case involves state law claims and removal jurisdiction is based on diversity. Therefore, *Reed* is not controlling.

The factual situation in *Brooks* and its analysis are more akin to this matter than *Reed*. In

*Brooks,* an employee was injured when a defective air wrench broke apart and injured his arm. 176 F.Supp.2d 1270, 1273. The employee brought a claim for worker's compensation benefits against his non-diverse employer and state law claims of negligence, wantonness, and a claim under the Alabama Extended Manufacturer's Liability Doctrine against other non-diverse defendants. *Id.* at 1272. The case was removed to the district court based on diversity jurisdiction. *Id.* The district court held that although the worker's compensation claim was brought against one defendant and the other claims brought against other defendants, all claims should be remanded as they involved common questions of fact. *Id.* at 1276.

Here, Defendants attempt to distinguish *Brooks* by arguing the worker's compensation claim and tort claims in *Brooks* stem from the use of the air wrench whereas the present claim arises from separate injuries. Defendants further argue that because time elapsed between the worker's compensation injury and the conduct giving rise to the claim of outrage, that they cannot have a real connection. However, this Court's analysis should not be based on whether two claims arise at the same time or from the same product. The analysis should be whether the claim for worker's compensation and the claim of outrage "involve common questions of fact." *Brooks*, 176 F.Supp.2d 1270, 1276. Both of Plaintiff's claims involve common questions of fact as stipulated to by the parties in the July 16, 2007, Joint Motion to Stay submitted to this Court:

> (4) The worker's compensation claim and outrage claim stem from the same factual background and will be evaluated according to Alabama case law. The outrage claim will no doubt be dependent on discovery obtained during the litigation of the worker's compensation claim...

Although Defendants attempt to characterize the outrage claim as a separate injury, the fact is, without the initial worker's compensation claim there would be no outrage claim. The outrage claim

3

is tied in to the worker's compensation claim and common questions of fact will need to be addressed to resolve both claims. The treatment requested by the Plaintiff and denied by the Defendants is a result of the worker's compensation injury. The two claims have common questions of fact and the outrage claim is due to be remanded.[1]

This Court's recent decision in *Williams* speaks more to the issues contained in this case than *Reed* does. In *Williams*, the plaintiff alleged he was injured when driving a tractor that rolled over on him. 2008 WL 820341, *1. Williams sued his employer for worker's compensation benefits, and he also sued the manufacturer of the tractor, CNH, alleging design defects, negligence, and wantonness. *Id*. This Court held that, despite CNH's claim that the worker's compensation claim should be severed and remanded while other claims are retained as a matter of recognized practice, no persuasive argument was made "as to why this Court should treat this case differently from any other case involving multiple claims." *Id*. at *2. In deed, this Court held that when a worker's compensation claim is removed based on diversity jurisdiction with other claims arising under state law, the district court has the discretion to remand the entire matter back to state court. *Id*. at *3-4. The Plaintiff respectfully requests that, pursuant to the cases of *Brooks* and *Williams*, this Court exercise its discretion and remand Plaintiff's outrage claim to state court as it contains common questions of fact with the worker's compensation claim.

**RESPECTFULLY SUBMITTED** this the 7th day of April, 2008.

---

[1] As with *Reed*, Defendants' reliance on *White v. Travelers Insurance Co*, (S.D. Ala. Civil Action No. 01-0398-S) can be distinguished from both *Brooks*, and the case at bar. *White*, like *Reed*, addressed whether a common law claim "arises under" the worker's compensation scheme. However, *White* does not speak to the "common questions of fact" analysis addressed months later in *Brooks* and does not speak to the issues raised in this Court's Show Cause Order of March 24, 2008.

_____
JAMES H. ANDERSON [ASB-4440-R73J]
RYAN WESLEY SHAW [ASB-2475-Y83S]
Attorneys for Plaintiff

OF COUNSEL:

BEERS, ANDERSON, JACKSON,
 PATTY & FAWAL, P.C.
250 Commerce Street, Suite 100
Montgomery, AL 36104
(334) 834-5311     Telephone
(334) 834-5362     Facsimile
janderson@beersanderson.com
wshaw@beersanderson.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of April, 2008, I electronically filed the foregoing document with the Clerk of the court using the CM/ECF system which will send notification of such filing to all registered parties or counsel of record.

Lister H. Proctor, Esq.
PROCTOR & VAUGHN, L.L.C.
P.O. Box 2129
Sylacauga, AL 35150

Richard B. Garrett
RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
P.O. Box 270
Montgomery, AL 36101-0270

Earl H. Lawson, Esq.
3000 Riverchase Galleria, Suite 610
Birmingham, AL 35244

_____
OF COUNSEL