A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ASHBY SHAWN BRYANT, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:06-cv-1002-MEF |
| | ) |
| WAUSAU UNDERWRITERS, | )   (WO) |
| INSURANCE COMPANY, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants removed this case to this Court from the Circuit Court of Coosa County, Alabama, on November 3, 2006. The same day, Defendants filed a Motion to Sever and Remand, through which Defendants asked this Court to sever and remand Plaintiff's worker's compensation claim against Defendant Madix, Inc., to state court, but retain Plaintiff's outrage claim against Defendants Madix, Inc. and Wausau Underwriters Insurance Company. Plaintiff filed a Motion to Remand on November 22, 2006, asking this Court to remand the entire case to state court pursuant to 28 U.S.C. § 1445(c), which prohibits removal of civil actions arising under state worker's compensation laws.

On April 18, 2007, this Court entered a Memorandum Opinion and Order granting Defendants' Motion to Sever and Remand. Pursuant to that Order, Plaintiff's worker's compensation claim was remanded to the Circuit Court of Coosa County, Alabama.

On July 16, 2007, the parties filed a Joint Motion to Stay Proceedings. In this motion, the parties requested a stay "pending resolution of a *similar action* filed in the Circuit Court

of Coosa County, Alabama." (emphasis added). This "similar action" was the very worker's compensation claim that this Court had remanded back to state court. As grounds for the stay, the parties stated that:

> *The worker's compensation claim and outrage claim stem from the same factual background and will be evaluated according to Alabama case law. The outrage claim will no doubt be dependent on discovery obtained during the litigation of the worker's compensation claim.* Rather than doubling discovery, and to avoid piecemeal litigation, by staying this proceeding, the state court case can move forward with discovery that will be integral to the federal outrage case. Staying the proceedings will protect the parties' rights and will not prevent the outrage claim from being heard in federal court. Staying the proceedings will also prevent the unnecessary expenditure of time and money for the parties and this Court.

(emphasis added).

Recently, another case came before this Court that presented the same issue—a case removed pursuant to 28 U.S.C. § 1332 involving a state law tort claim and a worker's compensation claim. *See Williams v. CNH America, LLC,* --- F. Supp. 2d ----, 2008 WL 820341 (M.D. Ala. March 28, 2008). In *Williams*, the plaintiff filed in state court and alleged that he was injured in the scope of his employment while driving a tractor. The plaintiff, a resident of Alabama, brought a worker's compensation claim against his employer, also a resident of Alabama, as well as state law tort claims against the manufacturer of the tractor, which was not a resident of Alabama. The manufacturer removed the case pursuant to diversity jurisdiction and alleged that the nondiverse employer had been fraudulently joined. The manufacturer asked this Court to sever the worker's compensation claim against the employer and remand only that claim back to state court, retaining jurisdiction over the

2

remaining tort claims against it. This Court held that because the worker's compensation claim and the tort claims arose out of the same accident, they would have common questions of law or fact; there was therefore a "real connection" between the two claims precluding a finding of fraudulent joinder. *See id.* at *3.

This case, however, presents a slightly different question. Unlike the situation in *Williams*, there is not an issue of fraudulent joinder in this case because all of the defendants are diverse with the plaintiff. Consequently, subject matter jurisdiction over this case is not defeated by § 1332.

However, as discussed in *Williams*, § 1445(c) prevents removal to federal court of any "civil action" that arises under the worker's compensation laws of a state. In this Court's April 18, 2007 Order, this Court severed and remanded the worker's compensation claim against Defendant Madix, Inc., citing the Eleventh Circuit's opinion in *Reed v. The Heil Co.*, 206 F.3d 1055 (11th Cir. 2000), as authority.[1] However, as discussed in *Williams*, *Reed* can

---

[1] In *Reed*, the plaintiff, Reed, brought suit in Alabama state court alleging state law claims, including retaliation against an employee for filing for worker's compensation, as well as a federal law claim for violation of the Americans with Disabilities Act ("ADA"). The defendant removed the case to federal court on the based on federal question jurisdiction due to the ADA claim. The district court denied Reed's attempts at remand, and granted summary judgment to the defendant on all claims. Reed appealed the ruling on the worker's compensation retaliation claim and the ADA claims. *See Reed*, 206 F.3d at 1057-58. The Eleventh Circuit held that the district court lacked jurisdiction over Reed's worker's compensation retaliation claim pursuant to 28 U.S.C. § 1445(c) because retaliation claims arise under the state's worker's compensation laws. *See id.* at 1060. The Eleventh Circuit ultimately reversed and remanded the district court on the retaliation claim, with instructions to remand that claim back to state court. The Circuit affirmed the district court on the ADA claim, however, rather than ordering a remand on that claim as well. *See id.* at 1063.

not be interpreted as authority for severing and remanding worker's compensation claims in cases that are removed under § 1332 (diversity) because *Reed* involved a case removed under § 1331 (federal question). *See Williams*, 2008 WL 820341, at *4.

Indeed, § 1441(c) expressly authorizes a district court to exercise jurisdiction over a claim removed pursuant to § 1331 and remand "otherwise non-removable claims or causes of action." There is no such authority in claims removed pursuant to § 1332. *See Wilson v. Lowe's Home Ctr., Inc.*, 401 F. Supp. 2d 186, 197 (D. Conn. 2005) ("[P]ermitting defendant to remove this action under § 1441(a) in anticipation of a remand of the nonremovable workers' compensation claim would be tantamount to permitting piecemeal removal in diversity cases, which Congress has prohibited."). Accordingly, this Court holds that removal of this cause of action is prohibited by § 1445(c).

For the foregoing reasons, it is hereby ORDERED that:

(1) This Court's Memorandum Opinion and Order (Doc. # 11), issued April 18, 2007 is VACATED.

(2) This case is REMANDED to the Circuit Court of Coosa County, Alabama.

(3) The Clerk is DIRECTED to take appropriate steps to effect the remand.

(4) Any pending motions not resolved by this Order are left for resolution by the Circuit Court of Coosa County, Alabama.

DONE this 21st day of April, 2008.

                                              /s/ Mark E. Fuller
                                    CHIEF UNITED STATES DISTRICT JUDGE